McCARTY, Appellant, v. McCARTY, Respondent.

St. Louis Court of Appeals, March 13, 1906.

DIVORCE: Drunkenness. In an action for divorce by the husband on the ground of drunkenness on the part of the wife, where the petition did not state a statutory cause of action on account of indignities and where the evidence showed the parties had lived together less than three months when the wife deserted the husband, the action was prematurely brought whether it was on account of drunkenness for a year or desertion for the period of a year.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

AFFIRMED.

*Eugene Hall* for appellant.

What acts constitute statutory indignities will depend greatly on the facts of each case. The Legislature has chosen to leave the subject at large, and by the general words employed evidently designed to leave each case to be determined according to its own peculiar circumstances. McSann v. McCann, 91 Mo. App. 1; Lynch v. Lynch, 87 Mo. App. 32; Webb v. Webb, 44 Mo. App. 299; Brown v. Brown, 53 Mo. App. 453.

GOODE, J.—Plaintiff and defendant were married on October 21, 1904, and lived together for about two months or until the twenty-eighth of the following December, when defendant left plaintiff's home and he has not seen her since. At the time of their marriage plaintiff had three little children, born of a previous marriage, and defendant a daughter sixteen years old. The grounds on which the divorce was prayed are thus stated:

"That defendant within one week after the marriage aforesaid began to drink intoxicating liquor to excess that as soon as plaintiff would leave home for his work of a morning, defendant would leave home, leaving plaintiff's children (by a former deceased wife) unwashed, and leaving the household work undone; that defendant would remain away all day drinking, and in some instances remained out all night; that defendant frequently returned home in a state of intoxication."

Defendant was in the habit of getting drunk and was under the influence of liquor five times or oftener, during the period she lived with plaintiff. At some of those times she was too drunk to prepare the meals and at others she was not. The evidence shows, too, that while she did not abuse plaintiff's children, she neglected them. They went dirty and unkempt. Plaintiff expostulated with her about her habits in these words:

"Mary can't you do a little different; can't you look after the house? There is your daughter; I don't want her to go to work. She can help you out and do a whole lot of things. I am making a pretty good salary and I think you can keep the house."

It appears that defendant took umbrage at the foregoing reproof and deserted plaintiff. He testified that as he was leaving home one morning, she told him to come home at noon as she was going to leave that day. She went to lodge at another woman's house on Montrose avenue. This woman testified that defendant gave as her reason for leaving plaintiff, that he found fault with her because she drank and she could not live with him on that account and made up her mind that she had made a mistake in marrying and had rather live to herself.

Habitual drunkenness lasting for one year is a statutory ground for a divorce. [R. S. 1899, sec. 2921.] It will be observed that the petition does not, in terms, accuse defendant of habitual drunkenness, but only that she frequently returned home in a state of intoxication.

Still, we think the habit of drunkenness would have been sufficiently pleaded if it had been alleged to have continued through a year of married life. Even then the allegation would have been unsupported by the evidence; for plaintiff and defendant only lived together nine weeks. Therefore a divorce cannot be decreed because of defendant's drinking habit.

Coupled with the allegation of her drinking are averments that she would remain away from home all day drinking and in some instances all night. These averments are simply variations of the charge of habitual drunkenness, and are inadequate to support a decree, because not continued long enough. There are still other averments relating to defendant's neglect of plaintiff's small children and her household work. It is charged that she would leave the children unwashed and her domestic duties unperformed. Perhaps habitual drunkenness on the part of a wife for less than a year, if small children were subject to her influence, might constitute a statutory indignity entitling a husband to a divorce. We do not need to pass on that question. It is certain in this case that the defendant's conduct did not render plaintiff's condition intolerable; for his own testimony shows he had no thought of separating from his wife, but was endeavoring, by mild reproof, to induce an alteration of her habits. She concluded to leave him when she saw he was dissatisfied with the way she conducted herself, and did leave. When he returned home on the evening of the day she warned him she was going to leave, he found her goods packed in a wagon and her on the eve of moving. She had concluded that her marriage was a mistake and put an end to conjugal relations. It is thus plain that defendant instead of plaintiff found the situation intolerable, or refused to tolerate it. After her desertion had continued a year, plaintiff would have had good ground for divorce, either on that score, or because of her habitual drunkenness. This action was prematurely brought.

Therefore the judgment will be affirmed without prejudice to plaintiff's right to institute another action. All concur.